Appeal from Fourth District.

## WOOLF v. GRAY.

No. 2812.   Decided July 5, 1916.   (158 Pac. 788.)

1. LIMITATION OF ACTIONS—OPEN ACCOUNT—ACCOUNT STATED—COMPUTATION OF TIME. The statute of limitations of four years begins to run against an open account on the day following the last payment, and on an account stated on the day following the agreement. (Page 241.)

2. LIMITATION OF ACTION—ACCOUNT STATED—DEFENSES. That one partner confessed judgment on an account before the statute had run has no effect as against the other after four years except to make the claim an account stated, so that in an action begun after such time it is immaterial whether one partner could bind the other. (Page 242.)

3. APPEAL AND ERROR—SCOPE OF REVIEW—ISSUES BELOW—FINDINGS OF FACT. The court on appeal is restricted to the issues below, and the only question before it on appeal from findings of fact is the sufficiency of the evidence to support them. (Page 242.)

4. APPEAL AND ERROR—SCOPE OF REVIEW—ISSUES BELOW—FINDINGS OF FACT. Where the findings of the court below as to facts are supported by substantial evidence, the court on appeal will not interfere, although the evidence would have supported a contrary finding. (Page 242.)

5. LIMITATION OF ACTIONS—AVOIDANCE OF STATUTE—NONRESIDENCE—FINDINGS—SUFFICIENCY. A finding that defendant had his home, family and residence in the state continuously from the time the debt was contracted until two years after the statute of limitations had run is a sufficient finding of continuous presence in the state to invoke the statute of limitations. (Page 242.)

6. LIMITATION OF ACTIONS—AVOIDANCE OF STATUTE—OTHER ACTION. That another action had been commenced prior to the instant case to which the bar of the statute of limitations is urged does not remove the bar if such action was on a different cause, or was commenced after the statute had run. (Page 243.)

Appeal from District Court, Fourth District, Hon. *A. B. Morgan*, Judge.

Action by Isaac Woolf against Enoch Gray and another.

From a judgment for defendant Gray, plaintiff appeals.

AFFIRMED.

*E. A. Walton,* for appellant.

*E. E. Corfman,* for respondent.

FRICK, J.

The plaintiff brought this action, as stated in the title thereof, against Enoch Gray and Henry Rawlings, defendants. The plaintiff, as a first cause of action, alleged:

That "between the 5th day of October, 1891, and the 16th day of March, 1892, one W. S. McCornick was doing business under the name of California Wine Company" at Salt Lake City, Utah; that during said times said "defendants were partners, doing business as Rawlings & Gray, at Provo, Utah; that during said times the said W. S. McCornick sold and delivered to said defendants, at their request, upon credit, goods, wares and merchandise of the agreed and reasonable value of $619.75; that no part of the same has been paid, except the sum of $250, the last payment of which was made on March 16, 1892;" that the plaintiff is the owner of said account, and that there is due thereon the sum of $369.75, with interest from March 16, 1892; "that the said Enoch Gray has not been residing in the state of Utah since on or about the month of July, 1892."

As a second cause of action the plaintiff, after incorporating by reference the matters of inducement, for a second cause of action further alleged:

"That on or about July 11, 1892, there was an account stated between said defendants and the said California Wine Company, W. S. McCornick, wherein and whereby it was agreed that the balance of $369.75 was due and owing from said defendants to the said W. S. McCornick, California Wine Company."

The plaintiff prayed judgment "against the defendants for the sum of $369.75, with interst and all costs of suit."

The foregoing complaint was filed "November 12, 1907." The action was commenced, however, by service of summons

and the filing of a prior complaint on October 26, 1906. No
service of summons was ever made upon Rawlings, and he
has never appeared in the action. The defendant Gray ap-
peared and specifically denied all the material allegations of
the complaint, and also pleaded the statute of limitations in
bar of both causes of action. A trial to the court without a
jury resulted in findings and judgment in favor of the de-
fendant Gray, and the plaintiff appeals.

Plaintiff's counsel in his brief states the question presented
for review thus:

"Assignments of error raise the single question of whether
the action was barred by the statute of limitations, and in
discussing this question we will later refer to the evidence on
the point of defendant's absence more in detail."

We have set forth the allegations contained in the com-
plaint somewhat in detail for the purpose of showing just
when the alleged causes of action accrued and what
ground the plaintiff relied on to toll the statute of      1
limitations as against the defendant Gray. There can
be no question that under the statute of limitations which
applies here, both causes of action stated in the complaint
were barred within four years. The statute began to run
on the first cause of action the day after March 16, 1892,
when it is alleged the last payment was made on the open
account sued on, and on the second cause of action on
July 12, 1892, the day after it is alleged the balance due was
stated or agreed upon. On the first cause of action the
four-year period of limitation would therefore expire on
March 17, 1896, and on the account stated in the second
cause of action on July 12, 1896. By referring to plaintiff's
complaint it will be seen that he attempted to avoid the
statute of limitations as against the defendant Gray by the
following allegation:

"That the said Enoch Gray has not been residing in the
state of Utah since on or about the month of July, 1892."

Gray denied the allegation, and in response to the issue thus
presented the court found:

"That the defendant Enoch Gray was an actual and a
bona fide resident of Provo, Utah county, until the 1st day of

October, 1898, and had his home, family, and residence at said place continuously from the time said debt was contracted until the month of October, 1898, when the said defendant took up a residence in the state of Nevada.''

The court also, in addition, specifically found that both of plaintiff's alleged causes of action were barred by the provisions of our statute, setting forth the several sections of the statute in that regard. Much is said in the brief of counsel for plaintiff about a judgment that was confessed by Mr. Rawlings in favor of W. S. McCornick on July 11, 1892, and about the powers of one partner to bind his copartner, etc. We fail to see the relevancy of the argument inasmuch as this action is based upon an open account in the first count and upon an account stated in the second count. The judgment, therefore, if it can be given any effect at all, can have no greater effect than as an account stated. The defendant is entitled, however, to have the case disposed of upon the precise issues presented to the trial court, and this court is bound by such issues upon this appeal. The only ground relied on by the plaintiff with respect to whether the statute of limitations applied or not was that the defendant ''has not been residing in the state of Utah since on or about the month of July, 1892.'' The defendant denied plaintiff's allegation in that regard, and the court found for the defendant upon that issue, and the only question for us to determine is whether the court's finding finds support in the evidence. While the evidence in favor of the defendant is by no means conclusive, and while the court, under all the evidence, could well have found the fact against him, yet there is some substantial evidence in support of the court's finding. That being so, in view that this is a law case, we may not interfere with the court's finding.

Nor can counsel's contention be sustained that the finding is insufficient to show that the defendant Gray was not absent from the state for a sufficient length of time to prevent the action from being barred under the provisions of our statute. The finding is that the defendant ''had his home, family, and residence at said place (Provo, Utah county) continuously from the time said debt was contracted

(1892) until the month of October, 1898.'' That, in our judgment, is a sufficient finding of defendant's continuous presence in the state of Utah for the purposes of the statute of limitations.

There is also something said about another action having been brought before this action was commenced. We can see nothing to that. It is clear from the record that, if another action was commenced and dismissed, it was not based upon the same cause or causes of action that the present action is based on. Moreover, the statute of limitations had fully run against both causes of action stated in the complaint when the alleged prior action was commenced. Again, no such ground for avoiding the statute of limitations was pleaded, and hence any such claim could have no influence upon the result of this appeal.

In view of what has been said, it follows that the judgment should be affirmed, with costs to respondent. Such is the order.

STRAUP, C. J., and LOOFBOUROW, District Judge, concur.